UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20413-CIV-GRAHAM/GOODMAN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

WALL STREET CAPITAL FUNDING LLC,
PHILIP CARDWELL, ROY CAMPBELL, and
AARON HUME,

    Defendants.
_____/

## FINAL JUDGMENT AS TO DEFENDANT PHILIP CARDWELL

The Securities and Exchange Commission having filed a Complaint, and Defendant Philip Cardwell having entered a general appearance; consented to the Court's jurisdiction over himself and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(g) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(g)] and Sections 21(d)(5) and 21(d)(6) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(5) and (6)], Cardwell and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from:

(A) directly or indirectly engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any stock unless it is (i) listed on a national securities exchange and (ii) has had a market capitalization of at least $50,000,0000 for 90 consecutive days (a "Qualified Stock"); and

(B) from directly or indirectly promoting, advertising, or marketing any issuer of any stock unless it is a Qualified Stock; causing the promotion, advertising, or marketing of any issuer of any stock unless it is a Qualified Stock; or deriving compensation from the promotion, advertising, or marketing of any issuer of any stock unless it is a Qualified Stock.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(1) of the Exchange Act [15 U.S.C. § 78u(d)(1)], Cardwell and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security or any security-based swap agreement:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

2

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Cardwell and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], by using any means or instrumentality of transportation or communication in interstate commerce, or the mails, in the offer or sale of any security or any security-based swap agreement, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Cardwell is liable for disgorgement of $50,000, representing profits gained as a result of the conduct alleged in the Complaint, and a civil penalty in the amount of $75,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange

Act [15 U.S.C. § 78u(d)(3)]. Cardwell shall satisfy this obligation by paying $125,000 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Securities and Exchange Commission, Office of Financial Management, Accounts Receivable, 100 F Street NE Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Cardwell as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Cardwell shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action, Todd D. Brody, and to Robert J. Keyes, Associate Regional Director, U.S. Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Room 400, New York, New York 10281-1022. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the attached Consent of Defendant Philip Cardwell is incorporated herein with the same force and effect as if fully set forth herein, and that Cardwell shall comply with all of the undertakings and agreements set forth therein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: October 12, 2011

SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20413-CIV-GRAHAM/GOODMAN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

WALL STREET CAPITAL FUNDING LLC,
PHILIP CARDWELL, ROY CAMPBELL, and
AARON HUME,

    Defendants.
_____/

**CONSENT OF DEFENDANT PHILIP CARDWELL**

1. Defendant Philip Cardwell admits the Court's jurisdiction over himself and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Cardwell admits), Cardwell hereby consents to the entry of the Final Judgment as to Defendant Philip Cardwell in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) Permanently restrains and enjoins Cardwell: from directly or indirectly engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any stock unless it is (i) listed on a national securities exchange and (ii) has had a market capitalization of at least $50,000,0000 for 90 consecutive days (a "Qualified Stock"); and from directly or indirectly promoting, advertising, or marketing

6

  any issuer of any stock unless it is a Qualified Stock; causing the promotion, advertising, or marketing of any issuer of any stock unless it is a Qualified Stock; or deriving compensation from the promotion, advertising, or marketing of any issuer of any stock unless it is a Qualified Stock;

 (b) permanently restrains and enjoins Cardwell from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

 (c) orders Cardwell to pay disgorgement of $50,000; and

 (d) orders Cardwell to pay a civil penalty in the amount of $75,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3. Cardwell agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Cardwell pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Cardwell further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Cardwell pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Cardwell waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Cardwell waives the right, if any, to a jury trial and to appeal from the entry of the

Final Judgment.

6.      Cardwell enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Cardwell to enter into this Consent.

7.      Cardwell agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Cardwell will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Cardwell waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Cardwell of its terms and conditions. Cardwell further agrees to provide counsel for the Commission, within fourteen (14) days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Cardwell has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Cardwell in this civil proceeding. Cardwell acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Cardwell waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Cardwell further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Cardwell understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Cardwell understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Cardwell agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Cardwell will be deemed to have withdrawn any papers filed in this action to the extent that they deny any allegation in the Complaint. If Cardwell breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Cardwell's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Cardwell hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Cardwell to defend against this action. For these purposes, Cardwell agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Cardwell agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Cardwell agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 8/29/11

*Philip Cardwell*
Philip Cardwell

On _____, 2011, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Thomas L. Taylor III
The Taylor Law Offices, P.C.
4550 Post Oak Place Dr. Ste. 241
Houston, TX 77027
Tel: 713-626-5300
Fax: 713-402-6154
taylor@tltaylorlaw.com

*Attorney for Defendant Philip Cardwell*

State of California, County of Los Angeles
On 8-29-11 before me, Afshin Khoodam Notary Public, personally appeared Philip Cardwell, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.



AFSHIN KHOODAM
Commission # 1795068
Notary Public - California
Los Angeles County
My Comm. Expires Apr 21, 2012

11