UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20413-CIV-GRAHAM/GOODMAN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

WALL STREET CAPITAL FUNDING LLC,
PHILIP CARDWELL, ROY CAMPBELL, and
AARON HUME,

    Defendants.
_____/

## FINAL JUDGMENT AS TO DEFENDANT AARON HUME

The Securities and Exchange Commission having filed a Complaint, and Defendant Aaron Hume having entered a general appearance; consented to the Court's jurisdiction over himself and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(g) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(g)] and Sections 21(d)(5) and 21(d)(6) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(5) and (6)], Hume and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from:

(A) directly or indirectly engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any stock unless it is (i) listed on a national securities exchange and (ii) has had a market capitalization of at least $50,000,0000 for 90 consecutive days (a "Qualified Stock"); and

(B) from directly or indirectly promoting, advertising, or marketing any issuer of any stock unless it is a Qualified Stock; causing the promotion, advertising, or marketing of any issuer of any stock unless it is a Qualified Stock; or deriving compensation from the promotion, advertising, or marketing of any issuer of any stock unless it is a Qualified Stock.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(1) of the Exchange Act [15 U.S.C. § 78u(d)(1)], Hume and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security or any security-based swap agreement:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Hume and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], by using any means or instrumentality of transportation or communication in interstate commerce, or the mails, in the offer or sale of any security or any security-based swap agreement, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Hume is liable for disgorgement of $50,000, representing profits gained as a result of the conduct alleged in the Complaint. Hume shall satisfy this obligation by paying $50,000 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money

order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Securities and Exchange Commission, Office of Financial Management, Accounts Receivable, 100 F Street NE Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Hume as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Hume shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action, Todd D. Brody, and to Robert J. Keyes, Associate Regional Director, U.S. Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Room 400, New York, New York 10281-1022. Hume shall also pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

Based on Hume's sworn representations in his Statement of Financial Condition dated August 24 and other documents and information submitted to the Commission, however, the Court is not ordering Hume to pay a civil penalty. The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Hume's Statement of Financial Condition and other documents and information submitted to the Commission. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Hume's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Hume, petition the Court for an order requiring Hume to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Hume was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition,

the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Hume to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Hume may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the attached Consent of Defendant Aaron Hume is incorporated herein with the same force and effect as if fully set forth herein, and that Hume shall comply with all of the undertakings and agreements set forth therein.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

SO ORDERED.

Dated: October 12, 2011

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20413-CIV-GRAHAM/GOODMAN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

WALL STREET CAPITAL FUNDING LLC,
PHILIP CARDWELL, ROY CAMPBELL, and
AARON HUME,

    Defendants.
_____/

**CONSENT OF DEFENDANT AARON HUME**

1. Defendant Aaron Hume admits the Court's jurisdiction over himself and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Hume admits), Hume hereby consents to the entry of the Final Judgment as to Defendant Aaron Hume in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) Permanently restrains and enjoins Hume: from directly or indirectly engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any stock unless it is (i) listed on a national securities exchange and (ii) has had a market capitalization of at least $50,000,0000 for 90 consecutive days (a "Qualified Stock"); and from directly or indirectly promoting, advertising, or marketing

6

any issuer of any stock unless it is a Qualified Stock; causing the promotion, advertising, or marketing of any issuer of any stock unless it is a Qualified Stock; or deriving compensation from the promotion, advertising, or marketing of any issuer of any stock unless it is a Qualified Stock;

(b) permanently restrains and enjoins Hume from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and

(c) orders Hume to pay disgorgement of $50,000.

3. Hume acknowledges that the Court is not imposing a civil penalty based on his sworn representations in his Statement of Financial Condition dated August 24, 2011 and other documents and information submitted to the Commission. Hume further consents that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Hume's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Hume, petition the Court for an order requiring Hume to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Hume was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to ordering Hume to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment. The Commission may also request

additional discovery. Hume may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the complaint; (3) assert that payment of disgorgement, pre-judgment or post-judgment interest, or a civil penalty should not be ordered; (4) contest the amount of disgorgement or pre-judgment or post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

4. Hume waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Hume waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Hume enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Hume to enter into this Consent.

7. Hume agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Hume will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Hume waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Hume of its terms and conditions. Hume further agrees to provide counsel for the Commission, within

fourteen (14) days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Hume has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Hume in this civil proceeding. Hume acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Hume waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Hume further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Hume understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Hume understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Hume agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or

creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Hume will be deemed to have withdrawn any papers filed in this action to the extent that they deny any allegation in the Complaint. If Hume breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Hume's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Hume hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Hume to defend against this action. For these purposes, Hume agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Hume agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Hume agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 9-19-11

_____
Aaron Hume

On Sept. 19, 2011, Aaron Hume, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:
Notary Public, Fulton County, Georgia
My Commission Expires Nov. 12, 2011

Approved as to form:

_____
Thomas L. Taylor III
The Taylor Law Offices, P.C.
4550 Post Oak Place Dr. Ste. 241
Houston, TX 77027
Tel: 713-626-5300
Fax: 713-402-6154
taylor@tltaylorlaw.com

*Attorney for Defendant Aaron Hume*

11